John M. Keane, J.
The facts have been stipulated in this case but litigation has ensued over their interpretation.
Plaintiff, a common carrier, received 125 separate cases of chow mein and chop suey from defendant on December 29, 1960 at Johnson City, New York, for delivery to a consignee in Detroit, Michigan. Plaintiff delivered the goods to a connecting carrier in Chicago for transportation to the consignee in Detroit. For reasons that do not appear in the statement of facts, the connecting carrier strapped and palletized the 125 cases before transporting them to the consignee in Detroit.
A tender for delivery of the merchandise in its palletized form was made on a date soon thereafter, but which does not appear in the moving papers, by the connecting carrier to the consignee who requested that the shipment be unstrapped and taken from the pallets for inspection for damage before it would be accepted. The connecting carrier refused to do this. The goods were then taken to the connecting carrier’s terminal for storage. Later on January 29, 1961, consignee requested delivery. This time delivery was refused because the goods had been frozen and were valueless. The value of the goods has been stipulated at $1,239.50.
In the meantime plaintiff had accepted a number of shipments from the defendant for which it was not paid. As a result, plaintiff began this action for $1,693.38 for unpaid freight charges together with certain charges in connection with the shipment above mentioned. Defendant admits that $1,060.92 of freight charges are due and owing to the plaintiff, but contests the balance of $632.46 which were charges related to the above-mentioned goods. As a counterclaim and defense to the claim for services, defendant claims that plaintiff owes the stipulated amount of $1,239.50 for the goods which were frozen.
The disposition of this lawsuit depends upon the significance given to the act of the connecting carrier in offering the goods strapped and palletized to the consignee in Detroit. Plaintiff claims that such tender fulfilled its obligation and that of the connecting carrier as a common carrier in accordance with the tariffs. Defendant claims that the consignee was entitled to have the shipment in separate packages as shipped from Johnson City, New York,
*556 The language of the tariffs applicable to this carriage of goods provides for a separate charge for unpacking goods. If these goods had been originally shipped strapped and palletized, then the contention of the plaintiff that a proper tender had been made would be sound. But this is not the fact in this situation.
Here the goods were picked up and shipped originally as 125 separate cases. If the connecting carrier, for its own convenience or for some other reason that does not appear, desired to strap and palletize the shipment, that was its choice. The consignee was entitled to have the shipment in the form submitted to the plaintiff herein as the originating carrier. The plaintiff cannot escape from the obligations imposed upon it as a carrier by relying upon an affirmative act of the connecting carrier which changed the nature of the shipment itself. This court believes that had there been no palletization of the shipment, there would be no lawsuit.
Therefore, this court finds that the offer of the goods to the consignee, on a date not set forth in the moving papers, strapped and palletized, was not such a tender that relieved the plaintiff and the connecting carrier of their obligations as carriers under the applicable statutes. Thus the goods were still retained in the hands of the connecting carrier as a carrier and not as a warehouseman. For that reason the plaintiff must be held liable for the stipulated amount of the damages to the goods.
The counterclaim of the defendant is sustained. The parties have further stipulated that in such event, ‘£ the defendant shall thereupon be entitled to an Order directing judgment against the plaintiff for $178.58 with appropriate interest besides costs and disbursements.”